UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff-Respondent, | § | |
| | § | |
| V. | § | CRIMINAL ACTION NO. H-03-478 |
| | § | CIVIL ACTION  NO. H-06-1778 |
| HUMBERTO MACIAS LUNA, | § | |
| | § | |
| Defendant-Movant. | § | |

## MEMORANDUM AND RECOMMENDATION GRANTING
## THE GOVERNMENT'S MOTION TO DISMISS

Before the Magistrate Judge in this proceeding under 28 U.S.C. § 2255 is the United States'

Answer and Motion to Dismiss (Document Nos. 24 & 25), and Movant Humberto Macias Luna's

§ 2255 Motion to Vacate, Set Aside or Correct Sentence (Document No. 21).  Having considered

Macias Luna's § 2255 Motion, the United States' Answer and Motion to Dismiss, the record of the

proceedings in the underlying criminal case and on appeal, and the applicable law, the Magistrate

Judge RECOMMENDS, for the reasons set forth below, that the United States' Motion to Dismiss

be GRANTED, that Macias Luna's Motion to Vacate, Set Aside or Correct Sentence be DENIED,

and that this § 2255 proceeding be DISMISSED with prejudice.

I.      **Procedural History**

Movant Humberto Macias Luna ("Macias Luna"), who is currently in the custody of the

United States Bureau of Prisons, is seeking federal habeas corpus relief under 28 U.S.C. § 2255.

This is Macias Luna's first motion pursuant to § 2255.

On August 6, 2003, Macias Luna was charged by Indictment with illegally re-entering the

United States in violation of 8 U.S.C. § 1326(a), (b)(2).  On October 3, 2003, Macias Luna pled

guilty to the Indictment without the benefit of a plea agreement.  During the preparation of the presentence investigation report, Macias Luna was charged with violating the terms of his supervised release in a separate case, 94-40032-001, which arose out of the United States District Court for the Central District of Illinois.   Pursuant to 18 U.S.C. § 3605, jurisdiction over Macias Luna's supervised release term from 94-40032-001 was transferred to this Court, and assigned Criminal Action No. 03cr0478.  On March 19, 2004, Macias Luna's supervised release term from 94-40032-001 was revoked, and he was ordered to serve a twenty-four month term of imprisonment.  On that same date, Macias Luna was sentenced to serve 108 months confinement in H-03cr389, followed by a three year term of supervised release.  The 24 month term of imprisonment imposed for Macias Luna's violation of his supervised release was ordered to be served consecutive to the term of imprisonment ordered in H-03cr389.  Judgments were entered in each action on March 26, 2004.

Macias Luna appealed both judgments.  Macias Luna's appeals were consolidated and on December 17, 2004, both judgments were affirmed by the Fifth Circuit Court of Appeals.  Macias Luna then filed two petitions for writ of certiorari, which were granted by the United States Supreme Court on March 21, 2005, with instructions for the Fifth Circuit to consider Macias Luna's claims in light of the recently decided case of *United States v. Booker*, 125 S.Ct. 738 (2005).  On July 13, 2005, in its opinion on remand from the United States Supreme Court, the Fifth Circuit again affirmed the two judgments.  Within one year thereafter, Macias Luna filed a § 2255 Motion to Vacate, Set Aside or Correct Sentence with respect to each judgment.  The Government has filed an Answer in each case and a Motion to Dismiss.

## II.    Claims

Macias Luna raises five claims in his Motion to Vacate, Set Aside or Correct Sentence:

1.    that his criminal history was counted or considered twice in determining his sentence;

2.    that his sentence, which was based on the District Court's mandatory application of the sentencing guidelines, is unconstitutional and runs afoul of the United States Supreme Court's decision in *United States v. Booker*, 125 S.Ct. 738 (2005);

3.    that he was entitled to a downward departure based on cultural assimilation;

4.    that he was entitled to a downward departure based on the early disposition of the case with his guilty plea; and

5.    that his counsel was ineffective for failing to seek a cultural assimilation or early disposition departure at sentencing and for failing to argue the absence of such departures on appeal.

The Government, in its Answer and Motion to Dismiss, argues that Macias Luna's *Booker* claims were considered by the Fifth Circuit Court of Appeals upon remand from the United States Supreme Court and that such claims cannot be relitigated herein.  As for Macias Luna's claims about the calculation of his sentence and the absence of a downward departure for cultural assimilation and/or early disposition, the Government argues that such claims are procedurally barred from review herein because Macias Luna did not raise those claims in his direct appeal.  In addition, the Government argues that even if such claims were not procedurally barred, no relief is available on the merits of Macias Luna's sentence calculation claims.  Finally, the Government maintains that because Macias Luna was not entitled to a downward departure based on either cultural assimilation or early disposition, Macias Luna's counsel was not ineffective.

## III.   Discussion

As an initial matter, it must be noted that to the extent Macias Luna is challenging the underlying sentence he received in 94-40032-001, any such challenges are time barred.  *See* 28 U.S.C. § 2255.  In addition, because Macias Luna's conviction and sentence in 94-40032-001 arose out of the Central District of Illinois, this Court has no jurisdiction to vacate, set aside or modify that conviction or sentence.

To the extent Macias Luna is challenging the revocation of his supervised release in this Court, no relief is available to Macias Luna on any of his claims for the reasons that follow.

### A.   *Booker* claims

Macias Luna argues, in support of his *Booker* claims, that the Court failed to consider the factors set forth in 18 U.S.C. § 3353(a) in determining his sentence.  Macias Luna additionally argues that it was error for the Court to treat the guidelines as mandatory in determining his sentence. As argued by the Government, however, Macias Luna's *Booker* claims were considered by the Fifth Circuit Court of Appeals upon remand by the Supreme Court.  In considering the *Booker* claims, the Fifth Circuit wrote:

> On March 21, 2005, the Supreme Court granted Macias-Luna's petition for a writ of certiorari, vacated the prior judgment of this court, and remanded this appeal to this court for "consideration in light of United States v. Booker, 543 U.S. ___ [125 S. Ct. 738] (2005)."  In its remand order the Supreme Court did not specify which of the two majority opinions set forth in Booker was the basis for its remand decision. The Supreme Court did make clear in its Booker decision that both opinions would be applicable to all cases pending on direct review or not yet final as of January 12, 2005.  See Booker, 125 S. Ct. at 769 (citing Griffith v. Kentucky, 479 U.S. 314, 328 (1987)).  Macias-Luna's appeal satisfies those conditions.
>
> In his original appeal to this court, Macias-Luna claimed only one ground of error: i.e., that pursuant to Apprendi v. New Jersey, 530 U.S. 466 (2000), the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (2) are

elements of the offense which must be alleged in the indictment.  But Macias-Luna conceded that such contention was foreclosed by the Supreme Court's decision in Almendarez-Torres v. United States, 523 U.S. 224 (1998).  Nothing in Booker addresses this claim of error, and Macias-Luna failed to object in the district court on either of the grounds addressed in Booker, i.e., (i) a Sixth Amendment violation resulting from an enhancement of a sentence based on facts (other than a prior conviction) found by the sentencing judge, which were not admitted by the defendant or found by the jury; or (ii) that the Sentencing Guidelines were unconstitutional because they were mandatory and not advisory.  Absent extraordinary circumstances, we will not consider Booker issues raised for the first time in a petition for certiorari. United States v. Taylor, 409 F.3d 675, 676 (5th Cir. 2005).  However, even if we were to review for plain error, Booker's Sixth Amendment holding would not be applicable here because the district court did not enhance Macias-Luna's sentence on the basis of any facts not found by the jury.  In addition, Macias-Luna could not satisfy his burden of proving reversible plain error on the basis that his sentence was applied under an unconstitutional mandatory sentencing scheme because there is nothing in the record to suggest that the district court would have sentenced Macias-Luna differently under an advisory scheme.  Thus, because Macias-Luna cannot even show plain error, it is clear that this case does not present extraordinary circumstances warranting our review.

Because nothing in the Supreme Court's Booker decision requires us to change our prior affirmance in this case, we therefore reinstate our judgment affirming Macias-Luna's conviction and sentence.

(Document No. 19).

Because the Fifth Circuit considered and rejected Macias Luna's *Booker* claims in connection with Macias Luna's direct appeal, and because claims that were rejected on direct appeal cannot be relitigated in a § 2255 proceeding such as this, *see United States v. Kalish*, 780 F.2d 506, 508 (5th Cir.) ("It is settled in this Circuit that issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 Motions."), *cert. denied*, 476 U.S. 1118 (1986); *see also United States v. Rocha*, 109 F.3d 225, 229 (5th Cir. 1997), Macias Luna's *Booker* claims are subject to dismissal.

5

**B.      Sentence calculation claims**

Macias Luna next raises three claims related to the calculation of his sentence.  First, Macias Luna argues that his criminal history was counted and considered twice – once in determining his base offense level, and a second time in determining his criminal history category.   In addition Macias Luna argues that he was given no notice that prior arrests, as opposed to prior convictions, could be used to enhance his sentence.  Second, Macias Luna argues that he should have been given a downward departure from the applicable guideline range based on his cultural assimilation.  Third and finally, Macias Luna contends that he was due a downward departure based on his prompt guilty plea and the early disposition of his case.  None of these claims was raised by Macias Luna in his direct appeal.

When claims of constitutional or jurisdictional import are not raised on direct appeal, the claims are procedurally defaulted, and can only be considered in a § 2255 proceeding if a movant can show cause for his failure to raise his claims on appeal, and actual prejudice resulting from the alleged errors.  *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996); *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996).  Alternatively, procedurally defaulted claims can be considered for the first time in a § 2255 proceeding if the movant can show that he is actually innocent. *Bousley v. United States*, 523 U.S. 614, 622  (1998) ("Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice' . . . or that he is 'actually innocent.'").  Here, while Macias Luna faults counsel for failing to raise the issues on direct appeal, counsel was not, for the reasons set forth below, deficient for failing to raise those issues.  Moreover, Macias Luna has failed to show that he was prejudiced by counsel's failure to raise the issues before the District Court and

on appeal or that he is actually innocent.  Therefore, Macias Luna's claims related to the calculation of his sentence are procedurally barred from review herein.

Even if Macias Luna's claims were not procedurally barred from review, none of the claims has any merit.  A defendant's criminal history may be used to both calculate his base offense level, and his criminal history category.  *See United States v. Hawkins*, 69 F.3d 11, 14 (5th Cir. 1995), *cert. denied*, 516 U.S. 1163 (1996).  In addition, nothing in FED. R. CRIM. P. 11  requires a District Court to advise or admonish a defendant about the conduct that may be considered in calculating the defendant's criminal history.   Any such conduct is detailed in the defendant's presentence investigation report, to which the defendant is afforded an opportunity to object.

As for the downward adjustments Macias Luna believes he was entitled to, neither § 5K2.0 or 5K3.1 of the sentencing guidelines allows for a downward departure in this case.  A downward departure for early disposition under § 5K3.1 of the Sentencing Guidelines is only available upon motion by the Government.  ("Upon motion of the Government, the court may depart not more than 4 levels pursuant to an early disposition program authorized by the Attorney General of the United States and the United States Attorney for the district in which the court resides.").  No such motion was filed by the Government.  As for a departure based on cultural assimilation under § 5K2.0 of the Guidelines, the record does not evidence any extraordinary circumstances that would have supported such a departure.

In *United States v. Rodriguez-Montelongo*, 263 F.3d 429, 433-434 (5th Cir. 2001), the Fifth Circuit held that "cultural assimilation is a permissible basis for downward departure" under section 5K2.0 of the United States Sentencing Guidelines, but that such a departure is to be made only where the circumstances are "so atypical or extraordinary".  S*ee also e.g., United States v. Lipman*, 133

F.3d 726, 730-731 (9th Cir. 1991); *United States v. Bautista*, 258 F.3d 602, 607-608 (7th Cir. 2001). Here, there are no such atypical or extraordinary circumstances. The presentence investigation report shows that Macias Luna first arrived in the United States in 1969, when he was 17 years old, and resided with his father in the Chicago, Illinois area. Prior to that time, Macias Luna lived in Mexico with his mother, where he completed the sixth grade. All of Macias Luna's living siblings all reside in the United States, as do Macias Luna's children. Macias Luna has an extensive criminal history of offenses committed while he has been in the United States, including federal and state drug convictions, and a prior conviction for illegal re-entry into the United States following deportation. Following one such deportation from the United States, Macias Luna lived in Durango, Mexico, from 1975 to 1983. Macias Luna's ability to read and write English is limited, but he is fluent in Spanish. Given Macias Luna's limited ability to communicate in English, the fact that he lived in Mexico for several years following deportation, and Macias Luna's extensive criminal history, there are no facts in the record that would take illegal reentry case outside of the "heartland" of illegal reentry cases contemplated by the Guidelines. *See United States v. Lopez-Ayala*, 265 F.3d 1058 (5th Cir. 2001) ("A departure [under § 5K2.0] is appropriate only in the extraordinary case that falls outside of the typical offenses covered by the relevant guideline").

Because the record shows that no relief is available to Macias Luna on any of his claims regarding the calculation of his sentence, those claims are subject to dismissal.

### C.    Ineffective assistance of counsel claims

In his final claim, Macias Luna faults his counsel, Majorie Meyers of the Public Defenders' Office, for failing to seek sentencing departures based on his cultural assimilation and/or early disposition. Because Macias Luna was not entitled to a departure on either basis, counsel was not

deficient for failing to seek such a departure, and Macias Luna was not prejudiced thereby.  *See Strickland v. Washington*, 466 U.S. 668, 687 (1984) (to be entitled to relief on an ineffective assistance of counsel claim, a petitioner must show that his counsel's performance was deficient and that such performance resulted in prejudice).  Accordingly, no relief is available on Macias Luna's ineffective assistance of counsel claims.

### IV.   Conclusion and Recommendation

Based on the foregoing, the conclusion that no relief is available to Macias Luna on any of the claims he raises herein, the Magistrate Judge

RECOMMENDS that the Government's Motion to Dismiss (Document No. 24) be GRANTED, that Movant Humberto Macias Luna's § 2255 Motion to Vacate, Set Aside or Correct Sentence (Document No. 21) be DENIED, and that this § 2255 proceeding be DISMISSED with prejudice.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record.  Within 10 days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas.  Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc).  Moreover, absent plain error, failure to file objections within the ten day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996).  The original of any written objections

shall be filed with the United States District Clerk, P.O. Box 61010, Houston, Texas 77208.

Signed at Houston, Texas, this 15th day of November, 2006.

Frances H. Stacy
United States Magistrate Judge

10